## No. 17,173.

INDUSTRIAL COMMISSION ET AL. *v.* PACIFIC
EMPLOYERS INSURANCE COMPANY ET AL.
(262 P. [2d] 926)

Decided November 2, 1953.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK
A. WACHOB, Deputy, Mr. PETER L. DYE, Assistant, for
plaintiff in error Industrial Commission.

Messrs. WOLVINGTON & WORMWOOD, for defendants in
error.

*En Banc.*

MR. JUSTICE ALTER delivered the opinion of the court.

THIS is a proceeding on writ of error to review the
judgment of the district court vacating and setting aside

an award of the Industrial Commission in an action arising under the Workmen's Compensation Act.

It appears that Charles W. Dumke was a plumber who on February 13, 1951, was working in a cramped position in a two-foot space, with heavy plumber's tools, trying to disconnect a three inch pipe. While in a sitting position and pulling on a heavy wrench, he felt a pain in his groin, and when he emerged from his working place, he found a protrusion from his rectum which was accompanied by discomfort and some pain. On the following day he consulted his physician, who diagnosed his condition as hemorrhoids and recommended an operation. The operation was performed on February 19, 1951; claimant was released from the hospital on February 27, 1951, and returned to limited work on March 8, 1951. Prior to the occasion when claimant wrenched himself and discovered the hemorrhoidal condition, he had never suffered from that ailment.

Upon the hearing before a referee of the Industrial Commission on April 19, 1951, the referee found that claimant was injured in an accident arising out of and in the course of his employment, and compensation was awarded. The insurance carrier filed its petitions for review, and thereafter the Commission affirmed the award. The insurance carrier thereupon filed its complaint in the district court, where, upon hearing, an order was entered remanding the cause to the Industrial Commission for medical testimony, none theretofore having been introduced. The Industrial Commission on September 29, 1952, appointed a physician with instructions to examine the transcript and make a written report advising whether claimant's hemorrhoids were caused or aggravated by the injury to which he testified. The pertinent part of the physician's report is as follows: "I do not think that the hemorrhoids were caused by the accident as reported. However, I do think that it is entirely *possible* and quite *probable* that the hemorrhoids had existed for some time unknown to the Claim-

ant and that the physical strain and position of the body at the time he was using the wrench were responsible for the symptoms as described [by him]." Whereupon, on December 26, 1952, the Commission entered its supplemental award, which in part is as follows: "Although claimant denied having previously had hemorrhoids, the Commission finds from the medical evidence that such a condition was present but asystematic; that said pre-existing condition was aggravated by straining in a cramped position and that such aggravation was the proximate cause of the necessary surgery." The Commission thereupon affirmed its supplemental award and denied a petition for review.

On May 15, 1953, the district court made an order in which it was recited that after reviewing the entire record it found: " * * * no evidence therein that the hemorrhoids were either caused·by or aggravated by the accident in question. Accordingly, it is ordered that the awards of the Industrial Commission are vacated, and set aside, and the claim be dismissed."

▮ The only question presented here for determination is whether there was competent evidence before the Commission to support its finding that in an accident arising out of and in the course of claimant's employment he accidently sustained injuries which aggravated a pre-existing condition entitling him to compensation and medical services under the provisions of the Workmen's Compensation Act. Claimant's evidence, supported by the medical report, was sufficient to entitle him to the Commission's award.

▮ On the authority of *Industrial Commission v. Royal Indemnity Company,* 124 Colo. 210, 236 P. (2d) 293, and *Peter Kiewit Sons' Company v. Industrial Commission,* 124 Colo. 217, 236 P. (2d) 296, and cases therein cited, we hold that the district court erred in reversing the supplemental award of the Industrial Commission and ordering dismissal.

Accordingly, the judgment is reversed and the cause

remanded with instructions to return the same to the Industrial Commission with an affirmance of its supplemental award.