HELEN PLUMMER,
*Employee-Claimant and Appellant*

vs.

GLADSTONE HOTEL,
*Employer-Defendant and Appellee.*

(No. 2815; August 26th, 1958; 328 Pac. (2d) 1118)

For the appellant, the cause was submitted upon the brief and oral argument of Robert R. Rose, Jr. of Casper, Wyoming.

For the appellee, the cause was submitted upon the brief of Thomas O. Miller, Attorney General, and Sterling A. Case, Assistant Attorney General, of Cheyenne, Wyoming, and oral argument by Mr. Case.

Heard before Blume, C. J. and Harnsberger and Parker, JJ.

## OPINION

Mr. Justice HARNSBERGER delivered the opinion of this court.

Without contest the employee-claimant received successive monthly awards for total temporary disability occasioned by injuries received in falling to the floor while engaged in compensable employment. However, her right to receive award for total permanent disability was disputed and the trial court found she was not totally permanently disabled; that she was only supporting one of her three minor children; and denied her total permanent disability claim. The employee appeals, but rests her appeal entirely upon the lower court's alleged erroneous determination of facts, although those findings were made upon conflicting testimony. Under these circumstances, it is only necessary to search the record to ascertain if it contains

any substantial evidence to support the trial court's conclusions and judgment.

One doctor testified that he and another doctor with whom he had consulted had been unable to find any symptoms of actual injury, and he believed that the claimant was suffering from hysteria and possibly malingering. In this a third doctor concurred. There was also medical testimony that hysteria was the cause of the claimant's disablement, not the injury, and the physician testified that he could not say she was unable to do any type of gainful employment.

Possibly the strongest testimony to support the court's judgment was that given by a further medical witness who testified that any disability the claimant has is not organic; that it is not the result of the accident which gave rise to her compensation claim; that the claimant is malingering; that in her present condition she can and is able to carry out activities to her benefit. In other words, she is able to pursue a gainful occupation and that she does not have a total permament disability. The fact that another professional witness disagreed with this testimony in whole or in part is of no importance. The court accepted the witnesses whose testimony is summarized hereinabove as being qualified experts and evidently elected to believe them. Their testimony was substantial and sufficient to support the court's denying claimant's application for award of total permanent disability. In addition, the testimony of one doctor recounted the claimant's actions while she was undergoing examination where she simulated a fainting spell by falling to the floor but only after placing her hands behind her to break the force of the fall. Of course this does not inspire confidence in the claimant nor in any of her subjective evidence.

Regarding appellant's claim that the court erred in finding that only one of her three children was her dependent, this conforms to the claimant's own statement that two of her children had been staying with her sister-in-law practically ever since they were born, although in answer to counsel's suggestive question, she later said that before her injury she had sent $30 a month and bought some clothes for the children. However, this point is not of importance in view of the conclusions which we reach.

We find the decision of the court amply supported by substantial evidence and that the trial court committed no error. The judgment of the lower court is therefore affirmed.

AFFIRMED.