Capitol Area Transit, Petitioner *v.* Workmen's Compensation Appeal Board (Duncan), Respondents.

Submitted on briefs May 12, 1983, to Judges BLATT, MACPHAIL and BARBIERI, sitting as a panel of three.

436

Frederick W. Andrews, Graf, Knupp & Andrews, P.C., for petitioner.

R. Elliot Katherman, for respondent, Chaucer A. Duncan.

OPINION BY JUDGE BARBIERI, October 11, 1983:

Capitol Area Transit appeals to this Court from the action of the Workmen's Compensation Appeal Board in affirming an award against it in favor of its employee, Chaucer A. Duncan. We will affirm.

Chaucer A. Duncan, while a bus driver for the defendant over a period of some years, was forced to leave his employment on October 9, 1979, since which date he has been totally disabled except for a period of three weeks when he held other employment. His disability was caused by a series of complications in the anal area, including hemorrhoids and anterior perianal abscess with anal fistula. He suffered recurrences and breakdowns in surgical repairs, with multiple surgical procedures including a diverting colostomy. The referee found that the Claimant's disabling ailments, his rectal and anal problems, were caused and aggravated by his job as a bus driver and that he has been totally disabled thereby since October 9, 1979. Relying upon Hinkle v. H. J. Heinz Co., 462 Pa. 111, 337 A.2d 907 (1975), he concluded that the claimant's repeated minimal injuries in the course of his employment as a bus driver prior to October 9, 1979,

resulted in the injury as of October 9, 1979. He awarded compensation with credit for the three weeks that Claimant had worked other than as a bus driver.

Our study of the record satisfies us that there is sufficient unequivocal evidence in support of the finding of causal relationship, the basic issue on this appeal. Claimant's medical witness, Dr. Reza G. Azizkhan, a qualified and certified general surgeon, testified that the long series of anal and rectal problems, with the complications and recurrences, was caused by bus driver activities and aggravated thereby, causing the disability that claimant suffers. Defendant's medical witness, Kenneth W. Graf, M.D., also a general surgeon, testified that he, too, had operated on Claimant, performing a colostomy and resection of abnormal perianal skin in surgical procedures carried out in March and April of 1980. While he was unable to determine whether or not he could give an opinion as to the cause of Claimant's anal and rectal difficulties, he did testify that if informed of the nature of Claimant's employment as a bus driver, "I would have probably changed my opinion to yes." He testified further that the conditions developed by Claimant "could have" been caused by the conditions which he underwent as a bus driver. He testified further that Claimant was unable to perform his job as a bus driver, that Claimant was totally disabled and would be unable to perform any kind of work.

We agree with the referee that the facts and circumstances in this case meet the standards as laid down in *Hinkle* and that the medical testimony in support of the causal relationship as found is sufficiently unequivocal to support the findings and conclusions based thereon. *Westmoreland Casualty Co. v. Workmen's Compensation Appeal Board,* 36 Pa. Commonwealth Ct. 307, 387 A.2d 683 (1978); *see also City of Wilkes-Barre v. Workmen's Compensation Appeal*

438

*Board,* 54 Pa. Commonwealth Ct. 230, 420 A.2d 795 (1980).

## Order

Now, October 11, 1983, the order of the Workmen's Compensation Appeal Board, dated June 24, 1982, at Docket No. A-83158, is affirmed.