702 P.2d 1299 (1985)
In the Matter of Injury to Roy E. JONES, an Employee of Jesse's Disposal Service.
Roy E. JONES, Appellant (Claimant/Employee),
v.
JESSE'S DISPOSAL SERVICE, Appellee (Respondent/Employer).
No. 84-294.
Supreme Court of Wyoming.
July 12, 1985.
*1300 James R. Murray, Campbell County Attorney's Office, Gillette, for appellant.
Rocky L. Edmonds of Riske, Edmonds & Darrow, P.C., Cheyenne, for appellee.
Before THOMAS, C.J., and ROSE, ROONEY, BROWN and CARDINE, JJ.
CARDINE, Justice.
This is an appeal from a denial of additional benefits under the Wyoming Worker's Compensation Act. We affirm.
Appellant raises the following issues:
"1. Whether the trial court improperly considered facts or information which had not been introduced into evidence.
"2. Whether there was substantial evidence to support the trial court's findings of fact in denying the employee's motion for modification of benefits."
Appellant injured his back on December 16, 1981, while working for Jesse's Disposal Service. He reported the incident to a doctor on the same day. He presented a claim for temporary total disability with the clerk of court; some of his medical bills were paid. He was released for light duty; however, when he reported to work, he was told that there were no light-duty jobs and he should return when he was given a full release. He claims that he mistakenly believed that, since he was not working, he was no longer covered by worker's compensation. He did not consult with a doctor again until 1983. He applied for these doctor bills to be paid by worker's compensation and was advised that they could not be paid unless his case were reopened. In April 1984, he applied for "additional benefits or modification" of the award pursuant to § 27-12-606, W.S. 1977,[1] on the grounds that benefits were "terminated as a result of mistake and/or fraud." His employer protested the award; a hearing was held on July 26, 1984, and the court denied the application for modification.

IMPROPERLY CONSIDERED EVIDENCE
Appellant contends that the decision of the trial court should be reversed because the court improperly considered material not admitted into evidence. This material, contained in the court file, was not introduced into evidence at the hearing on appellant's application for additional benefits or modification.
At the hearing appellant testified that he was pulling a dumpster, slipped, and the dumpster came over the top of him, over the back of his leg, and hit him in the head and back. The parties stipulated to the *1301 admission of the deposition of Dr. Metz, in which Dr. Metz testified that appellant had pulled a large container down an icy incline, slipped, and was partially run over by the container, that the container slid up his legs to his knees and, in the process, struck the lower part of his neck and upper thoracic area, that he had been pinned under the container and that someone had to push the dumpster off of him.
The worker's report of accident, prepared by appellant, was introduced into evidence, describing the injury as "[p]ulling a garbage container when I slipped and fell. My hand caught in the handle and the container pulled me and hurt my back." The employer testified that appellant was pulling the container out when he slipped and fell and got hung on the container.
Material not introduced into evidence but referred to by the court, and to which appellant objects, consisted of the employer's report stating that the employee was "[p]ulling a garbage container when he slipped and fell, hand caught in the handle and the container pulled him and hurt his back." and a letter written by Dr. Metz to Dr. Baker which described the accident as:
"He pulled a large garbage container down an incline, slipped on the ice and was partially run over by this container. He says it slid up his legs to his knees, and more importantly he was struck in the low cervical and upper thoracic area by the heavy metal pickup channel that the trucks latch onto in order to dump the contents into the truck. Someone came by and pulled the container off of him, and he got up."
The court denied the additional benefits because appellant had not sustained the burden of proving that the industrial accident was responsible for his present back condition and that, since Dr. Metz had not been advised of the original version of the accident, the doctor could not give an opinion as to causal connection.
Section 27-12-602(b), W.S. 1977, provides:
"(b) All written reports, claims and other writings filed with clerk of court by the parties shall be considered as pleadings in a claim whether or not formally introduced into the court in a contested proceeding."
This is the crux of appellant's argument, i.e., that the court considered reports and claims as evidence which should have been considered as pleadings.
Appellant cites Black Watch Farms v. Baldwin, Wyo., 474 P.2d 297 (1970), as supporting authority. In that case we stated that the claims of the employee and the reports of physicians are not evidence in a worker's compensation case.
"Neither this letter nor any of Dr. Hall's reports were offered or received in evidence. They were clearly inadmissible because they were not subject to cross-examination. * * * [O]ne of the most basic elements of due process is the right of each party to be apprised of all the evidence upon which an issue is to be decided * * *." Id., at 299.
In Black Watch Farms v. Baldwin, however, there was a total absence of medical testimony relating the complaints to the injury. The only indication of a causal connection was a letter from a doctor which was not admitted into evidence.
Appellee, while conceding that the court improperly referred to information contained in the court file, contends that the issues should be resolved by employing the "invited-error" rule, inasmuch as appellant did not object to the court considering documents not formally admitted into evidence and furthermore, in closing argument, appellant directed the court's attention to the documents contained within the court file. We need not determine whether appellant's closing argument was sufficient to negate the effect of the court's consideration of evidence not properly admitted. This case, unlike Black Watch Farms v. Baldwin, supra, contained identical evidence properly admitted at the hearing which was sufficient for the trial court's decision and obviated any problem concerning the due process right of confrontation and cross-examination. The parties stipulated to the admission into evidence of Dr. Metz's deposition. In that document he *1302 testified to a version of the accident that was identical to that contained in his unadmitted letter. Appellant's written and signed version of the accident was also admitted into evidence. The import of appellant's written and signed version was also identical to that contained in the employer's report found in the court file but not admitted into evidence. There is a long-standing rule of this court that in order to constitute a ground for reversal an error must be prejudicial and affect the substantial rights of an appellant. ABC Builders, Inc. v. Phillips, Wyo., 632 P.2d 925 (1981). We do not presume prejudicial error; it must be established. Anderson v. Bauer, Wyo., 681 P.2d 1316 (1984). The evidence and testimony received at the hearing were identical to that contained in the reports not offered or received into evidence. Thus, no prejudice resulted to appellant since the evidence contained in the reports was otherwise properly before the court.

SUFFICIENCY OF THE EVIDENCE
In reviewing the sufficiency of the evidence to support the findings of the trial court, we accept the evidence of the prevailing party as true, leaving out of consideration the evidence presented in conflict therewith, and give every favorable inference to the evidence of the prevailing party. Matter of Injury to Abas, Wyo., 701 P.2d 1153 (1985) (No. 84-253, decided 7/3/85). It is incumbent upon the employee to prove each element of his claim by a preponderance of the evidence. Collins v. Goeman General Tire, Wyo., 682 P.2d 332 (1984); Consolidated Freightways v. Drake, Wyo., 678 P.2d 874 (1984). To determine a question concerning the sufficiency of evidence, we need to search the record to ascertain if substantial evidence supports the trial court's conclusions and judgments. Collins v. Goeman General Tire, supra; Plummer v. Gladstone Hotel, 78 Wyo. 427, 328 P.2d 1118 (1958). Section 27-12-606, W.S. 1977, provides
"* * * for additional benefits of any type or nature or for a modification of the amount of the award on the ground of increase or decrease of incapacity due solely to the injury, or upon grounds of mistake or fraud." (Emphasis added.)
It was within the trial court's province to disregard Dr. Metz's testimony concerning causation when it was in conflict with the version of the accident related immediately after the event. Appellant contends, however, that, according to the deposition, an incident of far less magnitude could have caused the medical condition of the employee. The doctor testified that the diagnosed condition could have occurred by "simply reaching for something on a shelf * * * some minor movement might be enough to fully precipitate the injury." Appellant testified to various other occurrences which were of a lesser magnitude and could have created his problem. He testified that several years prior to the incident he had torn or pulled a muscle in his neck while picking up a small engine, and that he had fallen subsequent to the injury for which claim is here made. Appellant testified that he had not suffered any other accidents resulting in injury during the two years following his work-related accident and preceding his application to reopen his case. Upon all of this evidence, the court could not find a causal connection between the accident and his present condition. This must be shown before the employee is entitled to additional worker's compensation benefits. See, Consolidated Freightways v. Drake, supra; Matter of Willey, Wyo., 571 P.2d 248 (1977).
There was substantial evidence to support the finding that appellant's present condition was not caused by his injury for which compensation had been paid. There was no mistake or fraud. The decision of the lower court is, therefore, affirmed.
NOTES
[1] Section 27-12-606, W.S. 1977, provides:

"Where an award of compensation has been made in favor of or on behalf of an employee for any benefits under this act [§§ 27-12-101 through XX-XX-XXX], an application may be made to the clerk of district court by any party within four (4) years from the date of the last award, or at any time during which monthly payments under an award are being made, for additional benefits of any type or nature or for a modification of the amount of the award on the ground of increase or decrease of incapacity due solely to the injury, or upon grounds of mistake or fraud."