SINCLAIR TRUCKING, Appellant
(Employer–Petitioner),

v.

William J. BAILEY, Appellee
(Employee–Claimant).

No. 92–148.

Supreme Court of Wyoming.

March 19, 1993.

**1350**

Catherine MacPherson of MacPherson Law Offices, Rawlins, for appellant.

Susan Maher Guthrie, Casper, for appellee.

Before MACY, C.J., and THOMAS, CARDINE and GOLDEN, JJ., and URBIGKIT, J. (Retired).

CARDINE, Justice.

Employer, Sinclair Oil Company Trucking Division (Sinclair), appeals a district court order which affirmed a hearing examiner's decision to award worker's compensation benefits to employee, William Bailey (Bailey), as a result of treatment of hemorrhoids and finally surgery.

We affirm.

Sinclair raises two issues:

I. Were the findings and conclusions of the administrative law judge arbitrary, capricious, an abuse of discretion or otherwise not in accordance with the law, and thus unlawful under W.S. § 16–3–114(c)(ii)(A) (1977 Repub.Ed.)?

    a. Was the administrative law judge's decision supported by a preponderance

of the evidence, in the record, on each and every element required to be proved by the employee in order to sustain his burden of proof under W.S. § 27–14–603(a) (1977 Repub.Ed.) with regard to injuries which occur over a substantial period of time?

II. Were the findings and conclusions of the administrative law judge not supported by substantial evidence, and thus, unlawful under W.S. § 16–3–114(c)(ii)(E) (1977 Repub.Ed.)?

a. Was there substantial evidence of medical causation as to the employee's hemorrhoids, as opposed to the mere thrombosis of the hemorrhoids, so as to entitle the employee to benefits under W.S. § 27–14–603(a) (1977 Repub.Ed.)?

Bailey presents only a single issue:

I. Whether the administrative law judge's decision granting benefits for treatment of hemorrhoids is supported by substantial evidence.

## BACKGROUND

Prior to Bailey's hemorrhoid surgery, he had driven tractor-trailers for approximately thirteen years. From March 1988, until November 1990, Bailey drove trucks for Sinclair. It was during this period of employment with Sinclair when Bailey developed his hemorrhoid condition.

Initially, in the fall of 1988 after driving for Sinclair for several months, Bailey experienced mild irritation and bleeding. Prior to the fall of 1988, Bailey had never experienced any problems with hemorrhoids. This first bout with hemorrhoids occurred while Bailey was making a long-haul trip for Sinclair. Bailey reported the ailment to his superiors at Sinclair, blaming the seats in Sinclair's trucks for the hemorrhoids, and then took a few days of sick leave.

Subsequently, after Bailey had returned to work with Sinclair, he experienced several recurrences of bleeding and irritation. Each outbreak of symptoms was reported to Sinclair's management and occurred while Bailey was either driving for Sinclair or doing heavy lifting at Sinclair's depot. In November 1990, the hemorrhoids throm-

bosed. The thrombosis required Bailey to visit Dr. Kirsch in Rawlins, Wyoming, who lanced the hemorrhoids. Dr. Kirsch related to Bailey that the lancing offered only temporary relief and advised surgery for permanent repair. Soon thereafter, Bailey had surgery (hemorrhoidectomy) performed by Dr. Larson in Casper, Wyoming.

Bailey filed for worker's compensation benefits to cover the thrombosis incident and the permanent surgical repair of his hemorrhoids. Sinclair objected, contesting the propriety of worker's compensation coverage for the hemorrhoidectomy, alleging the hemorrhoids were unrelated to work. Initially, the worker's compensation division ruled in favor of Sinclair, calling the hemorrhoids a "pre-existing condition."

Bailey challenged the division's initial determination at an administrative hearing, held in March 1991. The hearing officer entered an order awarding Bailey worker's compensation benefits for the thrombosis and for the subsequent surgical repair. Sinclair then sought review in the district court, which affirmed the hearing officer's decision. Sinclair now seeks review by this court.

## STANDARD OF REVIEW

Our standard for reviewing findings of fact made in an administrative worker's compensation hearing is well settled. If, after examining the entire record, we find substantial evidence to support the agency's finding, we will not substitute our own judgment for that of the agency. Instead, we will uphold the agency's finding. Substantial evidence is relevant evidence which a reasonable person might accept as supporting the agency finding. *Aanenson v. State of Wyoming ex rel. Wyoming Worker's Compensation Division*, 842 P.2d 1077, 1079 (Wyo.1992). In addition, we examine only the evidence which favors the prevailing party, allowing every favorable inference, while omitting consideration of any conflicting evidence. *Matter of Injury to Carpenter*, 736 P.2d 311, 312 (Wyo. 1987).

■ We have said that the issue of whether or not an injury arose in the

course of employment in a worker's compensation case is a question of fact. *Consolidated Freightways v. Drake,* 678 P.2d 874, 877 (Wyo.1984). The issue of whether Bailey's hemorrhoids arose out of his employment with Sinclair is therefore one of fact and need only be supported by substantial evidence.

■ Sinclair contends that we must determine if the hearing officer's decision was supported by a preponderance of the evidence. Sinclair is correct in asserting that Bailey was required to prove, by a preponderance of the evidence, each element of W.S. 27–14–603(a) at the agency hearing. *See Collins v. Goeman General Tire,* 682 P.2d 332, 333 (Wyo.1984). However, our inquiry is not based on a preponderance of the evidence standard, instead we ask: Does the record contain substantial evidence to support the hearing officer's conclusion that the claimant successfully satisfied the burden of proof required by W.S. 27–14–603(a).

## DISCUSSION

■ An employee, seeking compensation for an injury which occurs over a substantial period of time, is statutorily required to prove several elements by a particular burden of proof. Wyoming Statute 27–14–603(a) provides:

(a) The burden of proof in contested cases involving injuries which occur over a substantial period of time is on the employee to prove by competent medical authority that his claim arose out of and in the course of his employment and to prove by a preponderance of the evidence that:

(i) There is a direct causal connection between the condition or circumstances under which the work is performed and the injury;

(ii) The injury can be seen to have followed as a natural incident of the work as a result of the employment;

(iii) The injury can fairly be traced to the employment as a proximate cause;

(iv) The injury does not come from a hazard to which employees would have been equally exposed outside of the employment; and

(v) The injury is incidental to the character of the business and not independent of the relation of employer and employee.

In other words, a claimant/employee must prove: (1) the claim arose out of and in the course of his or her employment through competent medical evidence, and (2) each of the five specified criteria which show a causal connection between the injury and employment by a preponderance of the evidence.

■ Therefore, our threshold inquiry is: Does substantial evidence exist to support the finding that Bailey, using competent medical evidence, demonstrated that his claim arose out of and in the course of his employment with Sinclair? We have said:

To show that the injury arises out of or in the course of employment, the claimant must show a causal connection between the injury and the employment. This causal connection exists when there is a nexus between the injury and some condition, activity, environment or requirement of the employment.

*Johnson v. State ex rel. Wyoming Worker's Compensation Division,* 798 P.2d 323, 325 (Wyo.1990). Bailey's competent medical evidence was presented in the form of a deposition by Dr. Kirsch who performed the initial lancing procedure on Bailey. Dr. Kirsch stated that people who do "a lot of heavy lifting" or "any kind of heavy work" will commonly develop hemorrhoids. Dr. Kirsch also testified that hemorrhoids are caused, generally, by increased pressure in the rectal area. At the hearing, Bailey testified that, from the time he began working for Sinclair, he had to lift heavy hoses on and off the trucks he drove and that the seats in Sinclair's trucks were in poor condition. Bailey's and Dr. Kirsch's combined testimony demonstrates a nexus between Bailey's injury (hemorrhoids) and activities (lifting heavy hoses, sitting on bad seats) required by Sinclair. Therefore, we hold that substantial evidence exists to support a finding that Bailey's claim arose out of and in the course of his employment with Sinclair.

Next we must determine whether substantial evidence exists to support the finding that Bailey proved, by a preponderance of the evidence, each of the five elements listed in subsections (i) through (v) of W.S. 27–14–603(a). In his decision letter, the hearing officer stated generally his findings and conclusions as follows:

The condition which the Claimant [Bailey] suffered from is one which occurs over a substantial period of time. Therefore, the Office looks to the provisions of W.S. 27–14–603 to resolve this matter. I find that direct causal connection exists between the Claimant's hemorrhoids and the fact that his job required him to spend long periods of time sitting in a moving vehicle. Despite the quality and the condition of the seat, this type of work subjects the driver to continual pounding and vibration which creates a strain and pressure upon the individual. The Claimant's testimony indicates that his hemorrhoid condition became progressively worse during the course of his employment. Beginning with a mild irritation from time to time to continual and severe problems as the condition progressed. The medical testimony indicates that the very nature of being a truck driver is conducive to the development and aggravation of hemorrhoids. No evidence or testimony was presented which related the Claimant's hemorrhoids to any hazard or condition outside of his employment with Sinclair. In addition, hemorrhoids are a condition which is not uncommon in the trucking industry.

■ Although each of the five elements are specifically enumerated in the statute, they are closely related because each contributes to indicate whether the employment environment caused the injury. Therefore, the same evidence will often offer support to several of the elements.

■ Bailey and Dr. Kirsch both testified that Bailey experienced none of the other common causes of hemorrhoids, such as liver disease and constipation; that only those causes associated with Sinclair's employment environment were present as a cause of the hemorrhoids. Additionally, Dr. Kirsch testified that he, as Bailey's primary physician, had never treated Bailey for a hemorrhoid condition prior to November 1990. Bailey also testified that he had not had any problems with hemorrhoids until after he had worked with Sinclair for several months. Based on this testimony, it was reasonable for the hearing officer to find that the work with Sinclair was likely the "proximate cause" (subsection (iii)) of Bailey's hemorrhoids and that the hemorrhoids did not come from a "hazard" (subsection (iv)) outside the scope of employment.

■ Lastly, there is substantial evidence to support a finding that hemorrhoids are "incidental to the character" (subsection (v)) of truck driving. This support exists in the form of Dr. Kirsch's testimony concerning a truck driver's tendency to be inactive and to be inadequately hydrated and thus become constipated, plus his testimony that truck drivers often have thrombosed hemorrhoids. Therefore, we hold that substantial evidence exists in the record to support the hearing officer's finding that Bailey properly proved each element required by W.S. 27–14–603(a).

We note briefly that other jurisdictions faced with the issue of worker's compensation coverage for hemorrhoids have awarded benefits for both the thrombosis and the underlying and pre-existing hemorrhoids based on a theory of "aggravation of a pre-existing injury." *See Generally Capitol Area Transit v. W.C.A.B. (Duncan)*, 77 Pa.Cmwlth. 435, 466 A.2d 249 (1983) (sustaining administrative ruling that claimant's hemorrhoids and other rectal problems were caused and aggravated by his job as a bus driver); *Exxon Co., U.S.A. v. Rodriguez*, 410 So.2d 571 (Fla.App.1982) (affirming award of worker's compensation benefits for the claimant's hemorrhoid bleeding caused by attempting to lift a heavy wheel); *West Point Pepperell v. Gordon*, 163 Ga.App. 837, 296 S.E.2d 155 (1982) (finding sufficient evidence to support an award of worker's compensation benefits to an employee who aggravated a pre-existing hemorrhoid condition while operating a hyster truck); *Meadors Lumber Co. v. Wysong*, 262 Ark. 425, 557 S.W.2d

395 (1977) (affirming an award of worker's compensation benefits covering a subsequent hemorrhoidectomy to an employee who aggravated a pre-existing hemorrhoid condition while lifting a bail of wire); *Industrial Comm'n v. Pacific Employers Ins. Co.*, 128 Colo. 411, 262 P.2d 926 (1953) (finding that competent evidence existed to affirm the award of worker's compensation benefits to claimant for surgery performed on pre-existing hemorrhoids he re-aggravated while working as a plumber). In fact, the Arkansas Supreme Court, in *Wysong*, rejected the very same argument advocated by appellant here: that worker's compensation should only cover the emergency treatment of the thrombosis and not the subsequent elective surgery of the pre-existing hemorrhoids. 557 S.W.2d at 396–97.

Based upon our examination of the record, we hold that substantial evidence exists supporting the hearing officer's decision to award benefits to Bailey for coverage of both his thrombosis and his subsequent hemorrhoidectomy. We, therefore, affirm.

MACY, C.J., dissented without opinion.