Alvin STUCKEY, Appellant (Petitioner),

v.

STATE of Wyoming, ex rel. WYOMING WORKER'S COMPENSATION DIVISION, Appellee (Respondent/Objector).

No. 94–75.

Supreme Court of Wyoming.

Feb. 27, 1995.

J. Stan Wolfe and C. John Cotton of Law Firm of J. Stan Wolfe, Gillette, representing appellant.

Gerald Laska, Sr. Asst. Atty. Gen., and Kenneth E. Spurrier, Asst. Atty. Gen., representing appellee.

Before GOLDEN, C.J., and THOMAS, MACY, TAYLOR and LEHMAN, JJ.

LEHMAN, Justice.

Alvin Stuckey (Stuckey) appeals from the denial of worker's compensation benefits. Stuckey was injured while performing a personal project at work. The hearing officer denied benefits, finding that there was no nexus between Stuckey's activities and his employment. Benefits were also denied because the hearing officer concluded that Stuckey had violated W.S. 27–14–102(a)(vii).

We affirm.

Stuckey raises three issues, framed as statements:

A. The [hearing officer] erred as a matter of law in concluding that Alvin Stuckey was involved in an illegal activity at the time of the accident so as to deprive him of Worker's Compensation benefits.

B. The [hearing officer] erred as a matter of law in concluding that Alvin Stuckey's injuries did not arise out of and in the course of his employment.

C. The State of Wyoming ex rel. Worker's Compensation Division cannot, as a matter of law, assert greater rights or defenses than those available to the Employer.

The Worker's Compensation Division (Division) presents us with a single issue:

Whether the decision of the hearing officer, denying claimed Worker's Compensation benefits, was in accordance with law and was supported by substantial evidence?

## FACTS

On September 5, 1993, Stuckey "clocked in" at 3:45 a.m. for his job with the Parks and Recreation Department of Campbell County. Stuckey was employed by the County as a seasonal irrigation specialist. His duties involved the operation and maintenance of irrigation systems in the County's parks and ballfields.

While on break that day, Stuckey took some tires he had acquired for his personal vehicle to the county shop, intending to inflate them using the county's air compressor. While in the process of inflating one of the tires, it exploded causing severe injuries to Stuckey. It was later determined that the cause of the explosion was due to the mounting of the tire on a rim which was the wrong size. Stuckey filed a claim for worker's compensation benefits based on the injuries received from this accident.

There was evidence introduced that the performance of small personal projects by county employees on county premises and using county equipment was generally allowed. The director and other supervisors of the Parks Department were aware of this, and many of them also had done small projects at work. Permission was not generally required if the project was relatively minor in nature. Furthermore, Stuckey's supervisor indicated that he would have given permission to Stuckey to inflate his tires if he had been asked.

Nevertheless, the hearing officer denied Stuckey's claim for benefits. He concluded that Stuckey was working on a private project unrelated to his duties for his employer. Specifically, the hearing officer found that the inflating of the tires bore no "nexus" to Stuckey's work and could not be said to "arise out of" and be "in the course of" his employment as an irrigator. Alternatively, the hearing officer held that Stuckey, being a public employee, unlawfully utilized county equipment for personal purposes in violation of W.S. 27–14–102(a)(vii) precluding him from benefits. Stuckey timely appeals.

## STANDARD OF REVIEW

The person claiming worker's compensation benefits bears the burden of proving a causal connection between the injury and the course of employment. *Wyoming Steel & Fab, Inc. v. Robles,* 882 P.2d 873, 875 (Wyo.1994); *Bearden v. State ex rel. Workers' Compensation Div.,* 868 P.2d 268, 270 (Wyo.1994). A "causal connection exists when there is a nexus between the injury and some condition, activity, environment or requirement of the employment." *Bearden,* 868 P.2d at 270 (*quoting Johnson v. State ex rel. Worker's Compensation Div.,* 798 P.2d 323, 325 (Wyo.1990)); *Baker v. Wendy's of Montana, Inc.,* 687 P.2d 885, 892 (Wyo.1984).

■ The definition of an "injury" can be found at W.S. 27–14–102(a)(xi) (Cum.Supp. 1993):

> "Injury" means any harmful change in the human organism other than normal aging and includes damage to or loss of any artificial replacement and death, ***arising out of and in the course of employment*** while at work in or about the premises occupied, used or controlled by the employer and incurred while at work in places where the employer's business requires an employee's presence and which subjects the employee to extrahazardous duties incident to the business.

(Emphasis added.) Whether there is a nexus between the injury and the course of employment is a question of fact. *Sinclair Trucking v. Bailey,* 848 P.2d 1349, 1351–52 (Wyo.1993); *Consolidated Freightways v. Drake,* 678 P.2d 874, 877 (Wyo.1984). Thus the issue of whether a particular injury is connected to the claimant's employment must be reviewed for substantial evidence. *Bailey,* 848 P.2d at 1352.

> We examine the entire record to determine if there is substantial evidence to support an agency's findings. If the agency's decision is supported by substantial evidence, we cannot properly substitute our judgment for that of the agency, and must uphold the findings on appeal. Substantial evidence is relevant evidence which a reasonable mind might accept in support of the conclusions of the agency. It is more than a scintilla of evidence.

*Hohnholt v. Basin Elec. Power Co-op,* 784 P.2d 233, 234 (Wyo.1989) (*quoting Trout v. Wyoming Oil & Gas Conservation Comm'n,* 721 P.2d 1047, 1050 (Wyo.1986)). We will reverse a determination that a claimant has failed to meet its burden of proof only if it is arbitrary, capricious, an abuse of discretion or not in accordance with law. W.S. 16–3–114(c)(ii)(A) (1990); *Bohren v. State ex rel. Worker's Compensation Div.,* 883 P.2d 355, 357–58 (Wyo.1994).

## DISCUSSION

■ Stuckey argues that injuries sustained while working on personal projects during a break or a "lull" period are within the course of employment when the project was performed with the employer's permission or acquiescence. Stuckey points out that there is uncontradicted evidence that his employer allowed personal projects to be performed. Thus, he claims, he met his burden of proof and the hearing officer erred in denying benefits.

Essentially, Stuckey's argument is that injuries suffered while performing personal projects are, as a matter of law, within the course of employment if the employer permits or acquiesces in them. The problem with this position is that it ignores the law in Wyoming—the question of whether an injury occurred in the course of employment is one of fact to be determined by the trier of fact. *Bailey,* 848 P.2d at 1351–52. We acknowledge that some states accept, apparently as a matter of law, these types of claims if: the employer allows the activity, it occurs on the employer's premises, and during slack time. *See Ablola v. Holland Road Auto Center, Ltd.,* 11 Va.App. 181, 397 S.E.2d 541 (1990); *Parker v. Travelers Ins. Co.,* 142 Ga.App. 711, 236 S.E.2d 915 (1977); *W.R. Grace & Co. v. Payne,* 501 S.W.2d 252 (Ky.App.1973). However, we decline to deviate from our precedent in order to make an exception for these types of injuries.

■ That does not mean, however, that a worker suffering an injury while working on a personal project may never be in the course of employment. *See J & G Cabinets v. Hennington,* 269 Ark. 789, 600 S.W.2d 916 (App.1980); *Haddock v. Hardwoods of Orlando, Inc.,* 452 So.2d 97 (Fla.App.1984); *Chrisman v. Farmers Coop. Ass'n,* 179 Neb. 891, 140 N.W.2d 809 (1966). It simply means that each case must be decided on its particular and unique set of facts. If there is a reasonable relationship between the project being performed and the employee's job, then the trier of fact may be able to find a nexus between the injury and the course of employment. That determination, however, must be made on a case-by-case basis.

Turning to the case before us, the evidence showed that Stuckey's duties were as an irrigator. Stuckey was supposed to water fields and parks belonging to the County and

to perform certain maintenance functions on the irrigation system, such as raising sprinkler heads. His duties did not involve the inflation of tires or equipment or vehicle maintenance. There was no evidence that inflating tires was reasonably related to Stuckey's duties as an irrigator. The hearing officer's conclusion that the risk associated with inflating tires "was not a risk or hazard which was incident to his responsibilities as a seasonal irrigator" was supported by substantial evidence; and, therefore, his denial of benefits was not arbitrary or capricious.

On appeal, Stuckey has, for the first time, contended that the Division cannot contest his claim for benefits because the Division cannot assert greater defenses than those available to the employer, and since his employer could not raise the defense of "beyond the course of employment," the Division is similarly barred from raising the defense.

█ This court will not consider issues that are raised for the first time on appeal. *Enron Oil & Gas Co. v. Freudenthal,* 861 P.2d 1090, 1094 (Wyo.1993); *Iberlin v. TCI Cablevision of Wyoming, Inc.,* 855 P.2d 716, 726 (Wyo.1993); *Strom v. Felton,* 76 Wyo. 370, 389, 302 P.2d 917, 924 (1956). Accordingly, we decline to address this issue.

Finally, the hearing officer also concluded, in the alternative, that Stuckey was barred from claiming benefits because he had violated W.S. 27–14–102(a)(vii) by appropriating county property for his personal use. Since we have already determined that Stuckey is not entitled to benefits, we need not address this issue. Consequently, we express no opinion on the propriety of the hearing officer's conclusion.

## CONCLUSION

The hearing officer's decision denying benefits was supported by substantial evidence and is affirmed.