The **PEOPLE of the State of Colorado,**
Plaintiff–Appellee,

v.

**Larry SMITH, Defendant–Appellant.**

No. 95CA0992.

Colorado Court of Appeals,
Div. II.

Feb. 20, 1997.

Rehearing Denied April 3, 1997.

Certiorari Denied Oct. 20, 1997.

Gale A. Norton, Attorney General, Stephen K. ErkenBrack, Chief Deputy Attorney General, Timothy M. Tymkovich, Solicitor General, Matthew S. Holman, Assistant Attorney General, Denver, for Plaintiff–Appellee.

Nora V. Kelly, Denver, for Defendant–Appellant.

Opinion by Judge CRISWELL.

Defendant, Larry Smith, appeals from the denial of his motion that challenged the constitutionality of the statute requiring the forfeiture and revocation of his driver's license because of his plea of guilty to distribution of marijuana, which he entered in exchange for a deferred judgment and sentence. Specifically, defendant argues that the trial court erred in concluding that the license forfeiture and revocation requirements do not violate the double jeopardy clauses of the state and federal constitutions. We affirm the trial court's conclusion with respect to the license forfeiture provision, but we decline to address defendant's arguments with respect to the possible administrative revocation of his license, because that claim is not ripe for our review.

Pursuant to a plea agreement for a deferred judgment and sentence, defendant entered a plea of guilty to a single count of distribution of marijuana, a class four felony, in violation of § 18–18–406, C.R.S. (1996 Cum.Supp.). Prior to the dispositional hearing, defendant filed a motion alleging that, because application of § 42–2–124, C.R.S. (1996 Cum.Supp.) would result in the mandatory surrender of his driver's license, that statute violated constitutional double jeopardy protections. Defendant also challenged the mandatory driver's license revocation required under § 42–2–125(1)(k), C.R.S. (1996 Cum.Supp.), on the same ground.

The trial court accepted defendant's plea and issued a written order denying his motion for declaratory relief. However, it granted defendant's request to stay surrender of his license pending determination of this appeal.

The People argue that, by filing a motion requesting declaratory relief in his criminal proceedings, defendant has not properly presented his constitutional claims. In addition, they maintain that the issues defendant rais-

es in this appeal are not ripe because the Colorado Department of Revenue (the Department) has not yet revoked defendant's privilege to drive. We conclude that defendant's motion was properly filed in the trial court, but that only a portion of his claim is ripe for determination.

## I.

■ In *People v. Zinn,* 843 P.2d 1351 (Colo.1993), the supreme court reached the merits of a constitutional due process challenge to the mandatory drug offender license revocation provision at issue here. The defendant in *Zinn* filed a motion seeking a declaration of unconstitutionality in the trial court before which he had been convicted. On appeal, the supreme court reversed the trial court's decision that had declared the revocation statute unconstitutional. In doing so, it did not question the method used by defendant to seek such relief. Accordingly, under *Zinn,* we conclude that defendant's motion properly presented his claims. However, in light of the circumstances presented here, that conclusion does not resolve whether such claims are ripe for review.

## II.

There are two components to lawful driving. First, the driver must have been issued a proper license by the Department to engage in that activity. Section 42–2–101(1), C.R.S. (1996 Cum.Supp.). The second requirement is that the driver have actual physical possession of his or her license when operating a vehicle. *See* § 42–2–101(3) and (5), C.R.S. (1996 Cum.Supp.).

Section 42–2–125(1)(k) provides that the Department "shall immediately revoke" the driver's license of any person who is convicted of a drug offense under § 18–18–406, as was defendant here. Further, whenever a person is convicted of any such offense, the court in which the conviction occurred must require the defendant to surrender his or her license and must forward the license and the record of conviction to the Department within ten days. Section 42–2–124. Finally, § 42–2–132(2)(b), C.R.S. (1996 Cum.Supp.) provides that, in the case of a conviction of

such a drug offense, the revocation of the license "shall begin upon conviction."

Upon receipt of the defendant's driver's license and the record of his or her conviction, the Department must provide notice of the revocation to the defendant, who may request a hearing. While the statute does not designate the issues to be adjudicated at such a hearing, it is presumed that that hearing will be devoted to a determination whether it was defendant who was convicted of the relevant offense. *See* § 42–2–125(4), C.R.S. (1996 Cum.Supp.).

Here, while the trial court denied defendant's constitutional challenge, it stayed the surrender of his license pending this appeal. Hence, neither that license nor the record of conviction has been forwarded to the Department, and the Department has not provided defendant with any notice of revocation, nor has it given him an opportunity to request a hearing.

■ Because the physical surrender of the license takes place in the criminal proceedings and that surrender has not occurred solely because the court stayed its surrender pending this appeal, we conclude that the question of the validity of the statute requiring its surrender is ripe for determination.

■ In contrast, defendant's challenge to the lawfulness of a future administrative revocation proceeding is not presently justiciable. *See People v. Litchfield,* 902 P.2d 921 (Colo.App.1995), *aff'd on other grounds,* 918 P.2d 1099 (Colo.1996) (until final administrative action is taken, there is no basis for assertion that possible administrative sanction bars criminal proceeding).

We do not read *People v. Zinn* as authority for reviewing a preemptive constitutional challenge to an administrative license revocation. Unlike the instant case, in *Zinn* the supreme court was obligated to address the merits of the claims because the trial court had declared the license revocation statute unconstitutional before the Department had revoked the defendant's license.

In concluding that the question of the validity of any future revocation is not yet ripe for determination, we should not be understood as rejecting the People's argument

that, for double jeopardy purposes, any future action by the Department will not constitute a proceeding separate from the instant criminal proceedings. As is true of the other questions that are not yet ripe for determination, the issues whether any action by the Department under § 42–2–125 would be more than ministerial and whether they could be considered as being taken in separate proceedings for double jeopardy purposes will properly be considered only after any possible future license revocation.

### III.

In considering the validity of the statutory requirement that, upon a conviction of § 18–18–106, the defendant must surrender his or her license to the court, we start with one fundamental precept. That precept is that, so long as all sanctions have received proper legislative approval, the imposition of multiple punishments upon a defendant in a single proceeding does not offend against any double jeopardy protections. *Missouri v. Hunter*, 459 U.S. 359, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983). *See Department of Revenue v. Kurth Ranch*, 511 U.S. 767, 114 S.Ct. 1937, 128 L.Ed.2d 767 (1994); *Deutschendorf v. People*, 920 P.2d 53 (Colo.1996).

The requirement to surrender the license occurs in the criminal court upon conviction. Hence, to the extent that such surrender may be said to constitute additional punishment, it is simply an additional sanction specifically authorized by the General Assembly to be imposed. *See People v. Zinn, supra.*

Hence, because the imposition of that sanction has received proper legislative approval, no double jeopardy problems are presented, even if it is assumed that the legislative purpose for the surrender is exclusively for punishment and has no remedial purpose. *See Boulies v. People*, 770 P.2d 1274 (Colo. 1989) (federal and state protections against multiple sanctions play only a limited role if multiple punishments are imposed in same proceeding for same conduct; if the legislature has specifically authorized multiple punishments, no double jeopardy concerns are presented).

The order is affirmed in part, and the cause is remanded with directions to vacate the order staying surrender of defendant's license.

MARQUEZ and TAUBMAN, JJ., concur.