2004 WY 138

**In the Matter of the Worker's Compensation Claim of Rial BAXTER, Appellant (Petitioner/Employee–Claimant),**

v.

**SINCLAIR OIL CORPORATION, Appellee (Respondent/Employer–Objector),**

and

**State of Wyoming, ex rel., Wyoming Workers' Safety and Compensation Division, Appellee (Respondent/Objector–Defendant).**

No. 03–229.

Supreme Court of Wyoming.

Nov. 10, 2004.

Representing Appellant: Bernard Q. Phelan, Phelan–Watson Law Office, Cheyenne, Wyoming.

Representing Appellee Sinclair Oil Corporation: Catherine MacPherson of MacPher-

son, Kelly & Thompson, LLC, Rawlins, Wyoming.

Representing Appellee State of Wyoming: Patrick J. Crank, Wyoming Attorney General; John W. Renneisen, Deputy Attorney General; Steven R. Czoschke, Senior Assistant Attorney General; Kristi M. Radosevich, Assistant Attorney General. Argument by Ms. Radosevich.

Before HILL, C.J., and GOLDEN, LEHMAN, and VOIGT, JJ., and KAUTZ, D.J.

GOLDEN, Justice.

[¶ 1] The primary issue presented in this appeal is whether the hearing examiner erred by denying worker's compensation benefits to Appellant Rial Baxter for his lower back pain even though two experts had testified that Baxter's condition was work-related. Baxter had claimed his back pain was caused by a material aggravation of a preexisting condition, but the hearing examiner rejected this theory because it found the medical expert opinion was not credible. Another medical expert believed that the injury had occurred over a period of time, but the hearing examiner rejected this theory because the medical expert was not able to state that the condition did not result from a hazard outside employment. · Based on these findings, the hearing examiner determined Baxter had failed in his burden of proof.

[¶ 2] Our record review shows that the hearing examiner incorrectly applied the applicable rule of law, and we must therefore reverse.

## ISSUES

[¶ 3] Baxter presents this statement of the issues for our review:

1. Is the finding that Dr. Pettine's opinion that the injury was a material aggravation of a pre-existing condition was not credible because he had an incomplete medical history supported by substantial evidence?

2. Is the finding that no evidence of absence of outside "hazards" was presented, because it wasn't presented by a compe-

tent medical authority, supported by substantial evidence or is such finding contrary to law?

Sinclair rephrases the issue as:

Whether the Hearing Examiner's decision denying workers' compensation benefits is supported by substantial evidence, based upon an examination of the entire record?

The Division of Workers' Compensation (Division) states the issue as:

The hearing examiner found Baxter failed to meet his burden of proving the back condition for which he sought benefits was the result of a material aggravation of his preexisting condition. The hearing examiner also found Baxter failed to prove a compensable injury which occurred over a substantial period of time. Does substantial evidence support the hearing examiner's decision denying workers' compensation benefits based on Baxter's failure to meet his burden of proof?

## FACTS

[¶ 4] The record shows that Baxter has suffered from back pain for at least ten years probably due to the heavy lifting, bending, and twisting required of a diesel mechanic. In 1983, he was compensated for a pulled back muscle suffered while working and which fully resolved. Baxter worked for several employers from that point until 1999 when Baxter began working for Sinclair. In July of 2001, when Baxter was 38 years old, he lifted an item weighing 165 pounds while at work and experienced aching in his back. He continued working and did not report any injury to his employer. He suffered continuously from back pain that he self-medicated with ibuprofen. On October 29, 2001, Baxter lifted a 160 to 180 pound item at work and experienced a shift and pop in his back and felt extreme pain. Baxter continued working that day; however, the next morning Baxter was unable to walk because of severe pain in his back and pain radiating down his leg. He was treated at the emergency room and did not return to work. He was referred to Dr. Jenkins who diagnosed spondylolysis and spondylolisthesis, recommended physical therapy, but advised surgery might be needed at a later time. Dr. Jenkins did not

believe that Baxter's condition was the result of single work-related event nor did he believe that it was a preexisting condition that was aggravated by a single work incident. Dr. Jenkins was of the opinion that Baxter had a preexisting condition that was aggravated by work-related exposure over a period of time and that his condition was one that occurred over a substantial period of time as a result of his employment. Baxter filed an injury report in November of 2001; however, Sinclair objected, and the Division denied benefits.

[¶ 5] In preparation for the hearing, Baxter sought an opinion from Dr. Pettine. Dr. Pettine's deposition testimony was that Baxter's condition may have existed since childhood but he was asymptomatic until the incident in July. It was Dr. Pettine's opinion that Baxter had a preexisting condition that had been materially aggravated by his work activities in July. At the deposition, Dr. Pettine agreed that the aggravation could have occurred on October 29, 2001, and believed that lifting on that day caused Baxter to tear a disc which caused a marked increase in symptoms.

[¶ 6] In its findings of fact, the hearing examiner reviewed the basis for each doctor's opinion. The hearing examiner determined that Dr. Pettine's opinion should be given little weight because Dr. Pettine was unaware that Baxter had suffered previously from back pain, a finding that Baxter vigorously disputes. Having rejected the theory that Baxter's injuries resulted from a material aggravation of a preexisting condition during a single event, the hearing examiner briefly considered the theory whether Baxter's condition was the result of an injury occurring over a period of time and met the elements of Wyo. Stat. Ann. § 27–14–603(a). That theory was rejected on the basis that "Dr. Jenkins was not able to state the injury did not come from a hazard outside employment and that the condition was incidental to Baxter's employment as a mechanic." Baxter disputes this finding as an improper application of the rule of law to the particular facts. Benefits were denied, and the district court affirmed that denial. This appeal followed.

## DISCUSSION

### Standard of Review

[¶ 7] The substantial evidence test is the appropriate standard of review in appeals from Wyoming Administrative Procedures Act (WAPA) contested case proceedings when factual findings are involved and both parties submit evidence. *Newman v. Wyo. Workers' Safety & Comp. Div.*, 2002 WY 91, ¶ 22, 49 P.3d 163, ¶ 22 (Wyo.2002). When only the party with the burden of proof submits evidence in the contested case proceeding and that party does not ultimately prevail, the arbitrary or capricious standard governs the judicial review of that agency decision. *Id.* Even if the factual findings are found to be supported by substantial evidence, the ultimate agency decision may still be found to be arbitrary or capricious for other reasons. *Id.* at ¶ 23. We do not examine the record only to determine if there is substantial evidence to support the agency's decision, but we must also examine the conflicting evidence to determine if the hearing examiner could have reasonably made its finding and order upon all of the evidence before it. *Id.* at ¶ 25.

### Credibility Determination

[¶ 8] The hearing examiner determined that Dr. Pettine's opinion was based upon a history of no prior pain symptoms and was entitled to little weight. Baxter contends that this determination is not supported by substantial evidence because a review of the record shows that Dr. Pettine was aware that Baxter had written a narrative stating that he had suffered from a dull ache in his back for years and Dr. Pettine stated unequivocally that, despite the fact that Baxter had spondylolysis/spondylolisthesis, his current condition was caused by his work injury.

[¶ 9] The hearing examiner, as the trier of fact, is charged with weighing the evidence and determining the credibility of witnesses. A hearing examiner's findings of fact are accorded deference, and the hearing examiner's decision will not be overturned unless it is clearly contrary to the over-

whelming weight of the evidence. *Brierley v. State ex rel. Wyoming Workers' Safety and Comp. Div.,* 2002 WY 121, ¶ 16, 52 P.3d 564, ¶ 16 (Wyo.2002). "When presented with medical opinion testimony, the hearing examiner, as the trier of fact, is responsible for determining relevancy, assigning probative value, and ascribing the relevant weight to be given to the testimony." *Bando v. Clure Bros. Furniture,* 980 P.2d 323, 329 (Wyo. 1999). "In weighing the medical opinion testimony, the fact finder considers: (1) the opinion; (2) the reasons, if any, given for it; (3) the strength of it; and (4) the qualifications and credibility of the witness or witnesses expressing it." *Id.* at 329–30. "Demonstrating evidentiary contradictions in the record does not establish the ruling was irrational, but we do examine conflicting evidence to determine if the agency reasonably could have made its finding and order based upon all of the evidence before it." *Id.* at 331.

[¶ 10] Our record review shows that in Dr. Pettine's deposition testimony, he did state that his opinion was based upon the fact that Baxter had not indicated previous back pain until the incident in July. When confronted with Baxter's narrative, Dr. Pettine determined that the later October injury was probably the cause of Baxter's current condition. We agree that Dr. Pettine was unaware of Baxter's previous history of pain, and, under these circumstances, the credibility determination and weight to be given the testimony is left to the hearing examiner. Based on the evidence before it, the hearing examiner's conclusion was not irrational or without substantial support.

*Statutory Burden of Proof*

[¶ 11] An employee seeking compensation for an injury that occurs over a substantial period of time is statutorily required to prove several elements by a particular burden of proof. Wyo. Stat. Ann. § 27-14-603(a) (LexisNexis 2003) provides:

(a) The burden of proof in contested cases involving injuries which occur over a substantial period of time is on the employee to prove by competent medical authority that his claim arose out of and in the course of his employment and to prove by a preponderance of the evidence that:

(i) There is a direct causal connection between the condition or circumstances under which the work is performed and the injury;

(ii) The injury can be seen to have followed as a natural incident of the work as a result of the employment;

(iii) The injury can fairly be traced to the employment as a proximate cause;

(iv) The injury does not come from a hazard to which employees would have been equally exposed outside of the employment; and

(v) The injury is incidental to the character of the business and not independent of the relation of employer and employee.

[¶ 12] We have previously decided that this statutory burden of proof requires a claimant/employee to prove that the claim arose out of and in the course of his or her employment through competent medical evidence, and to prove each of the five specified criteria which show a causal connection between the injury and employment by a preponderance of the evidence. Our threshold inquiry asks if substantial evidence exists to support the finding that Baxter, using competent medical evidence, demonstrated that his claim arose out of and in the course of his employment with Sinclair. Our rule states:

To show that the injury arises out of or in the course of employment, the claimant must show a causal connection between the injury and the employment. This causal connection exists when there is a nexus between the injury and some condition, activity, environment or requirement of the employment.

*Sinclair Trucking v. Bailey,* 848 P.2d 1349, 1352 (Wyo.1993) (citing *Johnson v. State ex rel. Wyoming Workers' Comp. Div.,* 798 P.2d 323, 325 (Wyo.1990)).

[¶ 13] Dr. Jenkins' medical opinion stated that Baxter's history of being engaged in the heavy occupation as a diesel mechanic for years required him to engage in repetitive, constant lifting and bending. Dr. Jenkins acknowledged that Baxter's spondylolysis had probably been present since adolescence

or early adulthood and could be the result of aging; however, he had rejected that explanation because aging as a factor is "fairly rare in a 38 year old." Dr. Jenkins concluded that the causation for Baxter's symptoms was his heavy work occupation. Neither Sinclair nor the Division dispute that this testimony satisfies the requirement that the injury arise out of and in the course of employment. They do dispute, however, that substantial evidence exists that Dr. Jenkins' testimony proved, by a preponderance of the evidence, all of the elements of § 27–14–603(a).

[¶ 14] "Although each of the five elements are [sic] specifically enumerated in the statute, they are closely related because each contributes to indicate whether the employment environment caused the injury. Therefore, the same evidence will often offer support to several of the elements." *Sinclair Trucking*, 848 P.2d at 1353. Our review of the record indicates that Dr. Jenkins found that Baxter was employed to do heavy lifting, bending and twisting in the course of his duties as a diesel mechanic and, based on Baxter's youth and history, it was his work-related activities that caused his lower back pain. Dr. Jenkins stated that, over time, these factors aggravated Baxter's conditions rather than aging or naturally occurring vertebra slippage. Sinclair and the Division, however, claim that because Dr. Jenkins did not testify that he had considered other factors as a possible cause, the hearing examiner properly concluded that Baxter failed in his burden of proof. Baxter contends that he cannot prove a negative and that he met his burden to prove by a preponderance of evidence that work was the likely proximate cause and not a "hazard" to which he was equally exposed outside of work.

[¶ 15] In *Sinclair Trucking*, we considered whether an employee had met his burden of proof on this same issue and our decision in that case supports Baxter's contention. *Sinclair Trucking* held that the employee had met his burden by submitting medical testimony that the working conditions had caused the employee's condition and this medical testimony properly allowed the hearing examiner to conclude that no outside hazard to which the employee had been "equally exposed" was the cause. 848 P.2d at 1353. In this case, we have more. Our review indicates that Dr. Jenkins had considered whether Baxter's condition was caused by aging or natural progression of his preexisting condition and had rejected those factors because of Baxter's youth and working conditions. During cross-examination, Baxter was questioned whether he engaged in activities involving snowmobiles, four wheelers, sports, or motorcycles, and he denied engaging in any of them, indicating that his constant back pain severely limited his off-work activities. He does fish and play with his children, but no allegation is made that these activities involve hazards equaling the hazards of his work conditions.

[¶ 16] The hearing examiner's conclusion that Baxter did not meet his burden is reversed as unsupported by substantial evidence. By a preponderance of the evidence, Baxter met his statutory burden of proof and, without any evidence that a hazard to which he would have been equally exposed outside of the employment even existed, he had no further burden. The hearing examiner's conclusion otherwise is in error and must be reversed. This case is remanded to the district court to reverse the order denying benefits and for entry of an order granting benefits.