# IN RE JOHNSON
## JOHNSON v. IDEAL BAKERY OF RAWLINS

(No. 1992; January 5, 1937; 63 Pac. (2d) 791)

For the appellant, the cause was submitted upon the brief of *D. R. Higley* of Rawlins.

112

The cause was submitted for respondent upon the brief of *A. R. McMicken* of Rawlins.

KIMBALL, Justice.

The case is under the Workmen's Compensation Law. After a trial without a jury, the workman was allowed compensation for hernia. The employers appeal, contending that the evidence is insufficient to sustain the award. The statute, Sec. 124-122, R. S. 1931, as amended by Ch. 4, Session Laws of 1935, provides:

"A workman in order to be entitled to compensation for hernia must clearly prove:

"1. That the hernia is of recent origin;

"2. That its appearance was accompanied by pain;

"3. That it was immediately preceded by some accidental strain suffered in the course of the employment;

"4. That it did not exist prior to the date of the alleged injury. * * *."

The question for decision is whether there was substantial evidence to meet the third condition imposed by the statute, i. e., that the hernia "was immediately preceded by some accidental strain suffered in the course of the employment."

The employers operate a bakery where the workman during July and August, 1935, was employed in delivering goods to customers and in helping at other jobs. The workman, in his report of accident, filed September 3, 1935, and also in his claim for award, filed March 11, 1936, described the accident as follows: "About August 18, 1935, I helped move a 5-ton oven, and a big wrapping machine. On August 20, I had a severe pain in right side. Examined by Dr. Raymond Barber August 23, 1935." The injury was described as "right inguinal hernia, incomplete."

Dr. Barber was a witness for the workman, and the only physician who testified in the case. He started that he examined the workman on August 23, 1935, and found a right inguinal hernia "of recent date." Asked: "Did you estimate it had been within a few

days?" he answered, "Yes, just recent. I wouldn't say it was on the 22d [of August], but I would say it was probably that week."

This testimony of the physician that the hernia appeared within a few days before August 23, was confirmed by the workman's report of accident and claim for award, and also by his testimony at the trial. He repeatedly testified that he was injured on or about August 20, and that two or three days thereafter he was examined by his physician. At other times during his testimony, he was not certain of the date of his injury, but it is clear that his claim was based on the hernia that appeared a few days previous to August 23, and that there was no substantial evidence to support a finding that it appeared at any earlier time. Of course, the time of an injury is ordinarily not material, but it is of some importance in this case because of the statute that requires clear proof that the injury, the hernia, was immediately preceded by an accidental strain.

In the workman's report of accident and claim for award it was alleged that the hernia appeared following work in moving an oven and a "big" wrapping machine. At the trial this claim was abandoned. While there was some evidence that the workman helped in moving the mentioned articles, it was not contended that he suffered any strain in that work. He contended, however, that the injury followed a strain in helping to move what was called the "small" or "old" wrapping machine.

The evidence shows that, until July 22, 1935, there were two bread-wrapping machines in the bakery. At the trial these machines were distinguished by calling one the "big" and the other the "small" or "old" machine. In making the bakery premises ready for the installation of a new oven that had been ordered, the

small wrapping machine was moved from the bakery, put on a dray and taken to a warehouse. This was on July 22. Much of the evidence was on the question of this date. The workman's testimony on the point is very confusing. At first he fixed the date as August 6; later he said it was August 20, and sometimes he was unable to say when it was. We must hold that by the testimony of several other witnesses, confirmed by the charge slips and books of the drayman, it was definitely established that the machine was moved July 22. This was the view of the trial judge who stopped further inquiry on the subject by saying: "I have no doubt at all that the old wrapping machine was moved out on July 22nd. I don't think there can be a particle of doubt on that."

There was no evidence of an "accidental strain suffered in the course of the employment" at any other time. The statute puts on the workman the burden of proving not only the hernia and the accidental strain, but also that the hernia was "immediately preceded" by the strain. We do not think there was substantial evidence to justify a finding that the hernia that appeared about August 20 was "immediately preceded" by a strain on July 22. The workman himself on cross-examination testified that he could not have been injured in moving the wrapping machine, if it was moved on July 22. We must hold that he failed to furnish the proof required by the statute.

The order appealed from is reversed and the case remanded for a new trial.

BLUME, C. J., and RINER, J., concur.