**In the Matter of the Worker's Compensation Claim of Susan LYLES.**

**Susan LYLES, Appellant (Employee/Claimant),**

v.

**STATE of Wyoming ex rel. DIVISION OF WORKERS' COMPENSATION, Appellee (Objector/Defendant).**

**No. 97–224.**

Supreme Court of Wyoming.

April 24, 1998.

---

Frank B. Watkins of Roberts & Watkins, P.C., Riverton, for Appellant.

William U. Hill, Attorney General; John W. Renneisen, Deputy Attorney General; Gerald W. Laska, Senior Assistant Attorney General; and Bernard P. Haggerty, Assistant Attorney General, for Appellee.

Before TAYLOR, C.J., and THOMAS, MACY, GOLDEN and LEHMAN, JJ.

MACY, Justice.

The District Court for the Ninth Judicial District certified the following question to the Wyoming Supreme Court pursuant to W.R.A.P. 11:

> In a Worker['s] Compensation case involving a disputed impairment rating where the case was initially referred to the Office of Administrative Hearings and where the Division subsequently made a motion that it be transferred to the Medical Commission, what statute governs, W.S. § 27–14–405(m) or W.S. § 27–14–616(b)(iv)?

## FACTS

Appellant Susan Lyles (the employee) was working as a flagger when she slipped on some mud and injured her right leg and shoulder. She filed her injury report on April 11, 1994, and Appellee Division of Workers' Compensation (the division) found that her injuries were compensable.

After the employee had received temporary total disability benefits for twenty-three months, the division began investigating whether she had an ascertainable loss. The employee submitted to an independent medical evaluation which Robert Weiner, M.D., conducted. Dr. Weiner determined that the employee had reached an ascertainable loss status and had a six percent whole person impairment.

The division notified the employee that it had terminated her temporary total disability benefits and that she was entitled to receive permanent impairment benefits. The employee objected to the division's final determination and requested that a hearing be held. The case was referred to the Office of Administrative Hearings (the OAH), and a hearing was scheduled for November 14, 1996. The employee requested and was granted a continuance because she had scheduled another medical evaluation for November 4, 1996, to determine her impairment rating and she would not know the results in time to submit her disclosure statement for use at the hearing. Michael Ford, M.D., performed the second medical evaluation. He determined that the employee had a twenty-four percent whole person impairment rating.

After receiving the results of the second medical evaluation, the division moved to vacate the hearing, reasoning that the case concerned a disputed permanent impairment rating and that, pursuant to WYO. STAT. § 27–14–405(m) (1997), whenever a dispute regarding the permanent rating exists, the case shall be referred to the medical commission. The employee objected, arguing that, pursuant to WYO. STAT. § 27–14–616(b)(iv) (Supp. 1996) (amended 1996), a case which has been referred to the OAH cannot be transferred to the medical commission.

The hearing examiner vacated the hearing. The parties agreed to present this issue to the Wyoming Supreme Court in the form of a certified question. The district court certified the question to this Court pursuant to W.R.A.P. 11, and we agreed to answer the certified question.

## DISCUSSION

The employee contends that, pursuant to § 27–14–616(b)(iv), when a case has been referred to the OAH, jurisdiction is with that office and is not subject to further administrative review. The division counters that, under § 27–14–405(m), a case shall be referred to the medical commission when a disputed permanent rating is at issue.

■ In order to answer the certified question, we must interpret the pertinent statutes. We have interpreted statutes on numerous occasions, so our standard is well established. Initially, we decide whether the statute is ambiguous by analyzing the plain and ordinary meaning of the words which are contained within the statute. *Olheiser v. State ex rel. Wyoming Worker's Compensation Division*, 866 P.2d 768, 770 (Wyo.1994). A "statute is unambiguous if its wording is such that reasonable persons are able to agree as to its meaning with consistency and predictability." *Allied–Signal, Inc. v. Wyoming State Board of Equalization*, 813 P.2d 214, 220 (Wyo.1991). "[A] statute is ambigu-

ous only if it is found to be vague or uncertain and subject to varying interpretations." 813 P.2d at 219–20. "[W]hether an ambiguity exists in a statute is a matter of law to be determined by the court." 813 P.2d at 220. *See also Parker Land and Cattle Company v. Wyoming Game and Fish Commission,* 845 P.2d 1040, 1043 (Wyo.1993). When we determine that the statute is clear and unambiguous, we give effect to the plain language of the statute. *Gunderson v. State,* 925 P.2d 1300, 1304 (Wyo.1996). If we ascertain that the statute is ambiguous, "we will resort to extrinsic aids, such as legislative history or intent." *Olheiser,* 866 P.2d at 770.

> We endeavor to interpret statutes in accordance with the Legislature's intent. We begin by making an " 'inquiry respecting the ordinary and obvious meaning of the words employed according to their arrangement and connection.' " *Parker Land and Cattle Company v. Wyoming Game and Fish Commission,* 845 P.2d 1040, 1042 (Wyo.1993) (quoting *Rasmussen v. Baker,* 7 Wyo. 117, 133, 50 P. 819, 823 (1897)). We construe the statute as a whole, giving effect to every word, clause, and sentence, and we construe together all parts of the statute *in pari materia.* 845 P.2d at 1042.

*State Department of Revenue and Taxation v. Pacificorp,* 872 P.2d 1163, 1166 (Wyo.1994).

*Lancto v. City of Rawlins,* 892 P.2d 800, 802 (Wyo.1995). A special provision that has been promulgated by statute prevails over general provisions. *Johnston v. Board of Trustees, School District # 1 West, Sheridan County, Wyoming,* 661 P.2d 1045, 1049 (Wyo. 1983).

 Although the division's referral may be beyond administrative review as the employee asserts, it is not beyond judicial review. *Russell v. State ex rel. Wyoming Workers' Safety and Compensation Division,* 944 P.2d 1151, 1154 (Wyo.1997).

> When a statute within the Workers' Compensation Act is silent on the issue of judicial review, in the absence of clear and convincing evidence that the legislature otherwise intended, judicial review of administrative agency action takes place according to WYO. STAT. § 16–3–114.

*Id.* WYO. STAT. § 16–3–114(c) (1997) provides in pertinent part:

> (c) To the extent necessary to make a decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action.... The reviewing court shall:
>
> (i) Compel agency action unlawfully withheld or unreasonably delayed; and
>
> (ii) Hold unlawful and set aside agency action, findings and conclusions found to be:
>
> . . .
>
> (C) In excess of statutory jurisdiction, authority or limitations or lacking statutory right[.]

 Under the unique facts of this case, we conclude that the statutes at issue are ambiguous given that they are conflicting and subject to varying interpretations. With our rules of statutory interpretation in mind, we examine the statutes in question.

Section 27–14–616(b)(iv) provided in pertinent part:

> (b) ... The duties of the [medical] commission shall be:
>
> (iv) To furnish three (3) members of the commission to serve as a medical hearing panel to hear cases referred for hearing. The division shall refer medically contested cases to the commission for hearing by a medical hearing panel. The decision to refer a contested case to the clerk of court for referral to the office of administrative hearings or a medical hearing panel established under this section shall not be subject to further administrative review. Following referral by the division, the hearing examiner or medical hearing panel shall have jurisdiction to hear and decide all issues related to the written notice of objection filed pursuant to W.S. 27–14–601(k).

Section 27–14–405(m) states:

> (m) If the percentage of physical impairment is disputed, the division shall obtain a

second opinion and if the ratings conflict, shall determine the physical impairment award upon consideration of the initial and second opinion. Any objection to a final determination pursuant to this subsection shall be referred to the medical commission for hearing by a medical hearing panel acting as hearing examiner pursuant to W.S. 27–14–616.[1]

We recently decided a case which involved the interpretation of § 27–14–616. *Russell*, 944 P.2d 1151. In that case, we said:

> The use of "shall" in a statute is considered mandatory language requiring that the statute be obeyed. This particular statute requires the Division to refer "medically contested" cases to a panel chosen from the medical commission and which includes a physician. The purpose of the statute is obviously to provide medical expertise to resolve medically contested claims. The Division does not have an option; it must determine if a case is medically contested and, if it is, it must be referred to the medical commission.

944 P.2d at 1155 (citation omitted).

Being mindful of the legislature's intention to have a medical panel decide medically contested issues, we hold that the medical commission should conduct the hearing. This interpretation preserves the general provision of § 27–14–616(b)(iv) which gives the division authority to make referrals while giving effect to the specific provision of § 27–14–405(m) which requires that medically contested claims be resolved by medical experts. We, therefore, conclude that a worker's compensation case involving a disputed impairment rating which was initially referred to the OAH shall be transferred to the medical commission pursuant to § 27–14–405(m).

---

1. At this juncture, we point out that the division could have avoided this problem by scrupulously following § 27–14–405(m) in the first place. That statute requires the division to obtain a second opinion whenever a physical impairment rating has been disputed. Therefore, upon receiving the employee's objection and request for a hearing, the division should have scheduled another independent medical evaluation before it referred the case for a hearing. If the ratings from the two examinations had been conflicting, the division should have made another physical impairment determination on the basis of both examinations. Then, if the employee had objected to this final determination, the division should have referred the case to the medical commission, and the controversy in this case would not have presented itself.