The STATE of Wyoming, Department of Revenue, Appellant (Petitioner),

v.

BANNON ENERGY CORPORATION; and Wyoming State Board of Equalization, Appellees (Respondents).

The State of Wyoming, Department of Revenue, Appellant (Petitioner),

v.

Bannon Energy Corporation; and Wyoming State Board of Equalization, Appellees (Respondents).

The State of Wyoming, Department Of Revenue, Appellant (Petitioner),

v.

Bannon Energy Corporation; and Wyoming State Board of Equalization, Appellees (Respondents).

The State of Wyoming, Department of Revenue, Appellant (Petitioner),

v.

Bannon Energy Corporation, Appellee (Respondent).

Nos. 98–314, 98–315, 98–316, 98–317.

Supreme Court of Wyoming.

March 23, 2000.*

---

* This case was originally assigned to Justice Thomas on April 16, 1999, for the rendering of a proffered majority opinion. The case was reassigned to Justice Macy on December 16, 1999.

Representing the Department of Revenue: Vicci M. Colgan, Chief Deputy Attorney General; and Charles T. Solomon, Assistant Attorney General.

Representing Bannon Energy Corporation: Brent R. Kunz and Ian D. Shaw of Hathaway, Speight & Kunz, LLC, Cheyenne, Wyoming.

Representing the State Board of Equalization: Michael L. Hubbard, Deputy Attorney General; and Harry D. Ivey, Assistant Attorney General.

Before THOMAS, MACY, GOLDEN & HILL, JJ., and ELIZABETH A. KAIL, D.J. (RET.)

MACY, Justice.

The Department of Revenue petitioned the district courts for a review of an order issued by the State Board of Equalization which reversed the Department of Revenue's assessment of interest and penalties against Bannon Energy Corporation, a purchaser who owed a sales tax deficiency. The district courts certified the cases to the Wyoming Supreme Court pursuant to W.R.A.P. 12.09(b).

We affirm the State Board of Equalization's order.

Justice Macy distributed a proffered opinion to the Court on February 14, 2000.

## ISSUE

The Department of Revenue presents this issue:

A. Did the State Board of Equalization erroneously conclude that the sales tax statutes prohibit the Department of Revenue from assessing interest and penalty against purchasers who do not timely pay sales taxes[?]

## FACTS

Bannon Energy is a corporation engaged in oil and gas exploration and production in Wyoming. The Department of Audit conducted a sales and use tax audit of Bannon Energy for the period July 1, 1992, through December 31, 1994. It found that Bannon Energy had underpaid sales taxes in the amount of $327,874.55 on items it had purchased. The Department of Revenue assessed Bannon Energy a tax deficiency in that amount plus interest in the amount of $115,501.63 and a ten percent penalty of $32,-787.46. Bannon Energy appealed from the assessment of the interest and penalty to the State Board of Equalization, but it did not appeal from the assessment of unpaid taxes.

The State Board of Equalization decided the appeal without holding a hearing, relying solely upon the statutes and the written arguments presented by Bannon Energy and the Department of Revenue. The State Board of Equalization found in favor of Bannon Energy and reversed the assessed interest and penalty. It concluded: "[T]he sales tax statutes do not permit the [Department of Revenue] to assess interest and penalty against purchasers owing a sales tax deficiency." The Department of Revenue appealed to the district courts, and those courts certified the cases to this Court pursuant to W.R.A.P. 12.09(b).

## STANDARD OF REVIEW

When we review cases that have been certified to the Wyoming Supreme Court pursuant to W.R.A.P. 12.09(b), we apply the appellate standards which are applicable to the court of the first instance. *Union Telephone Company, Inc. v. Wyoming Public Service Commission*, 907 P.2d 340, 341–42

(Wyo.1995). Wyo. Stat. Ann. § 16–3–114(c) (LEXIS 1999) governs judicial review of administrative decisions. W.R.A.P. 12.09(a); *Everheart v. S & L Industrial*, 957 P.2d 847, 851 (Wyo.1998).

The issue presented in this case requires us to interpret several Wyoming statutes which pertained to the imposition and collection of sales taxes. Statutory interpretation is a question of law. *Newton v. State ex rel. Wyoming Workers' Compensation Division*, 922 P.2d 863, 864 (Wyo.1996); *Trefren v. Lewis*, 852 P.2d 323, 325 (Wyo. 1993). We affirm an agency's conclusions of law when they are in accordance with the law. *Corman v. State ex rel. Wyoming Workers' Compensation Division*, 909 P.2d 966, 970 (Wyo.1996). When an agency has not invoked and properly applied the correct rule of law, we correct the agency's errors. *Weaver v. Cost Cutters*, 953 P.2d 851, 855 (Wyo.1998); *Gneiting v. State ex rel. Wyoming Workers' Compensation Division*, 897 P.2d 1306, 1308 (Wyo.1995).

## DISCUSSION

The only question before us is whether the Department of Revenue could assess and collect interest and penalties from purchasers who failed to timely pay sales taxes. The Department of Revenue contends that the State Board of Equalization incorrectly interpreted various Wyoming statutes when it concluded that the department was without power to impose interest and penalties against purchasers. Specifically, the Department of Revenue claims that, although the statutes prescribed interest and penalties for vendors only, we should construe them as authorizing it to impose interest and penalties against purchasers as well.

Our rules of statutory interpretation are well established. We first decide whether the statute is clear or ambiguous. *Lyles v. State ex rel. Division of Workers' Compensation*, 957 P.2d 843, 845 (Wyo.1998). This Court makes that determination as a matter of law. *Parker Land and Cattle Company v. Wyoming Game and Fish Commission*, 845 P.2d 1040, 1043 (Wyo.1993); *Allied–Signal, Inc. v. Wyoming State Board of*

*Equalization,* 813 P.2d 214, 220 (Wyo.1991). A "statute is unambiguous if its wording is such that reasonable persons are able to agree as to its meaning with consistency and predictability." *Allied–Signal, Inc.,* 813 P.2d at 220. A "statute is ambiguous only if it is found to be vague or uncertain and subject to varying interpretations." 813 P.2d at 219–20.

■ If we determine that a statute is clear and unambiguous, we give effect to the plain language of the statute. *Lyles,* 957 P.2d at 846; *Gunderson v. State,* 925 P.2d 1300, 1304 (Wyo.1996).

> We begin by making an " 'inquiry respecting the ordinary and obvious meaning of the words employed according to their arrangement and connection.' " *Parker Land and Cattle Company v. Wyoming Game and Fish Commission,* 845 P.2d 1040, 1042 (Wyo.1993) (quoting *Rasmussen v. Baker,* 7 Wyo. 117, 133, 50 P. 819, 823 (1897)). We construe the statute as a whole, giving effect to every word, clause, and sentence, and we construe together all parts of the statute *in pari materia.*

*State Department of Revenue and Taxation v. Pacificorp,* 872 P.2d 1163, 1166 (Wyo. 1994). If we determine that the statute is ambiguous, we resort to general principles of statutory construction to determine the legislature's intent. *Parker Land and Cattle Company,* 845 P.2d at 1044.

■ Before its amendment in 1997 and its repeal in 1998, § 39–6–407 stated in pertinent part:

> (a) Except as otherwise provided every vendor shall collect the tax imposed by this article and is liable for the entire amount of taxes imposed. . . .
>
> . . . .
>
> (d) Taxes imposed by this article shall be paid to the department by the purchaser unless the taxes have been paid to a vendor.

Wyo. Stat. Ann. § 39–6–407 (Michie 1994) (amended 1997 & repealed 1998). Before its amendment in 1997 and its repeal in 1998, § 39–6–409 provided in relevant part:

> (a) As soon as practicable after the return is filed the department shall examine it and if it appears the tax to be remitted is incorrect it shall be recomputed. If the amount paid exceeds that which is due the excess shall be credited against any subsequent liability of the vendor. If the amount paid is less than the amount due, the difference together with interest thereon at the rate of one percent (1%) per month from the time the return was due shall be paid by the vendor within ten (10) days after notice and demand is made by the department. . . .
>
> (b) If any part of the deficiency is due to negligence or intentional disregard of rules and regulations but without intent to defraud there shall be added a penalty of ten percent (10%) of the amount of the deficiency plus interest as provided by subsection (a) of this section. The taxes, penalty and interest shall be paid by the vendor within ten (10) days after notice and demand is made by the department.

Wyo. Stat. Ann. § 39–6–409 (Michie 1994) (amended 1997 & repealed 1998).

The Department of Revenue points out, and we agree, that § 39–6–407(d) clearly obligated the purchaser to pay sales tax to either the vendor or the Department of Revenue. *See State Board of Equalization v. Jackson Hole Ski Corporation,* 737 P.2d 350, 353 (Wyo.1987). The Department of Revenue concedes that the interest and penalty provisions set out in § 39–6–409 referred to only vendors, but it goes on to argue that Wyo. Stat. Ann. § 39–6–410(a) (Michie 1994) (amended 1996 & repealed 1998) [1] unambigu-

1. Before its amendment in 1996 and its repeal in 1998, § 39–6–410(a) provided in relevant part:
   (a) Any tax due under this article constitutes a debt to the state from the persons who are parties to the transaction and is a lien from the date the tax is due on all the real and personal property of those persons. . . . Notice of the lien shall be filed with the county clerk of the county in which the persons who are parties to the transaction reside or in which the vendor conducts business. . . . The tax due together with interest, penalties and costs may be collected by appropriate judicial proceedings or the department, with board approval, or its representative, may seize and sell at public auction so much of the person's property as will pay all the tax, interest, penalties and costs.

ously authorized interest and penalties for purchasers. The Department of Revenue contends that, because § 39–6–410(a) applied to all parties to a transaction and it prescribed a method for collecting taxes, interest, and penalties, the statute authorized the Department of Revenue to assess and collect interest and penalties from purchasers. Bannon Energy argues that § 39–6–409 authorized the Department of Revenue to impose interest and penalties against only vendors. They maintain that § 39–6–410(a) simply provided a means to collect properly assessed taxes, interest, and penalties; § 39–6–410(a) did not expand the Department of Revenue's power to impose interest and penalties beyond that authorized in § 39–6–409.

A careful reading of the statutes involved here convinces us that they were unambiguous. Each statute had a clear and distinct function. Section 39–6–407 made the vendor primarily responsible for collecting the sales tax but held that the purchaser was responsible for payment even if the vendor failed to collect. Section 39–6–409 allowed the Department of Revenue to impose interest and penalties on vendors when sales taxes were not paid, but that statutory section did not apply to purchasers. Section 39–6–410(a) provided the Department of Revenue with a means of collecting properly assessed taxes, interest, and penalties. It did not, however, give the Department of Revenue authority to assess interest and penalties against purchasers. In other words, the collection procedure set out in § 39–6–410(a) applied only after a party's obligation to pay had been established under another statute.

■ Administrative agencies have only those powers that are expressly granted by statute. *Dunning v. Ankney*, 936 P.2d 61, 64 (Wyo.1997). It is, therefore, axiomatic that the Department of Revenue could not collect interest and penalties that it did not have the statutory authority to impose. Because the plain language of the statutes did not authorize the Department of Revenue to assess interest and penalties against purchasers for delinquent sales taxes, it was without power to do so.

The State Board of Equalization's order is affirmed.